My name is Arthur Weed I'm the attorney for Sebastian Rodriguez who is the appellant here and this is a case that's like a sadistic question on the bar exam about criminal law As the court knows, it began as a vehicular homicide case in Los Angeles It's one of those nightmare situations where there's a car going 100 miles an hour on the freeway and he hits a motorcyclist and very tragically there's a death And so Mr. Rodriguez was accused in the Superior Court in Los Angeles of vehicular homicide and also second degree murder on an implied malice theory and he was convicted of second degree murder and he appealed to the California Court of Appeal and that court said that what his contention was on appeal namely that there had been an instruction given at his trial which violated the federal constitution in that it relieved the prosecution of its obligation to prove one of the elements of implied malice second degree murder and that element is that the defendant must be subjectively aware that his acts are inherently dangerous to human life Let me see, I think we really do know the background and that's generally true The only issue that you're raising on appeal as I understand it is the third element of the second degree murder i.e. the state of mind element, right? Yes, Your Honor, that's correct But that element was not what the Court of Appeals was talking about They were talking about the second element The question of danger to human life It was raised as an element of what his intent was or what his state of mind was That was raised and what the Court of Appeal did was to resolve the question by saying that his act was inherently dangerous Didn't Rodriguez concede that issue? Didn't he concede that he admitted that his driving was dangerous and didn't contend that the second element was wrongfully established? And so if there was an error I'm seeing on the third element his prior conviction came in for DUI and they complete that drug and alcohol course just prior to the time the accident was in question Why doesn't that establish that he knew the dangers of driving recklessly especially with alcohol and drugs in his system? Your Honor, this is where California law gets interesting, shall we say I'm a Californian, so Well, so am I, and I guess I'm proud of it that our law is just a little more complex than their law is But there is a case which I cited at page 19 of my opening brief Is that Vanegas? No, Shaw v. Terhune Okay Now, Vanegas is the one That's a court of appeal case in California that said that the basic speed law instruction which was given in Rodriguez's case did in fact violate the Federal Constitution But it goes to the second prong and you're contesting the third prong, right? I don't know that there's a great deal of difference Well, obviously there's a difference That's why you're making a big fuss about the difference You're saying the difference is that that there has to be a subjective state of mind and that's what the state court didn't address There is a difference But that difference doesn't seem to be covered by the inherently dangerous problem It's a separate problem as to which there was evidence and as to which there was no presumption Right, right Okay, now let me get back to this to see if I can straighten this out a little bit There is a California case called Shaw v. Terhune which I cite at page 19 of the opening brief Just for your information, neither of those cases is on page 19 of the opening brief Go ahead Go ahead, keep going I apologize for that Sometimes when they get converted to a PDF it makes for problems But it is quoted It's at 380 Federal 3rd 473 Now, that case said whether a defendant's underlying acts are inherently dangerous in the abstract and I think it's pretty clear that what Rodriguez did is dangerous in the abstract and then to go on with the quote is not dispositive of the jury's determination as to whether a defendant has acted with malice See, that's something that creates a stumbling block But they weren't told that either They were told at most that it was dispositive of the second prong if you admitted to it, which you did They weren't told it was dispositive of the subjective state of mind Nobody ever told them that No, they weren't told that  Why would they have? I'm sorry And they wouldn't have surmised it either Why would they have? Well, they were told and this is what was raised on appeal to the California courts that if they found that he was speeding then he had done an act which is inherently dangerous Right, but not that he was subjectively aware of it No, but what I'm saying is that that instruction would confuse a lay person To be perfectly frank, I absolutely do not understand your argument You're wandering around from one to another in that you have conceded that it was dangerous to human life That's all the instruction went to The instruction did not go to any subjective state of mind question and so there's no reason anybody would have thought it did Okay, let me rephrase it As I've said, California law requires a subjective state of mind Now, what he admitted namely that he was guilty of gross vehicular manslaughter that crime under California law requires only an objective state of mind Now, what the California Court of Appeal did is to say, all right, we're not going to reach the federal question here because he admitted it when he told the jury or admitted to the jury that he was guilty of gross vehicular manslaughter and what I'm saying in my brief is that that's not true He admitted the objective element of it but not the subjective and of course there's a big difference between the two as far as the prosecution's case goes But the whole case, my recollection is that defense counsel said in the closing argument the evidence proves beyond a reasonable doubt It's a given my client is guilty of gross vehicular manslaughter So what the trial was about was the second degree murder, right? Right, that's right And evidence was put on so the evidence of his subjective intent there was which is what they do is when you have a prior DUI and you go to those classes and they talk at those classes about how driving under the influence of alcohol is dangerous and that it kills people and that's how you nail people on the second degree murder, the third prong Well, that's correct And that's what they argued at the case, right? What I'm saying They didn't argue because of that presumption that he had the subjective intent No, what I'm saying is it doesn't really matter what they argued The problem is what were the instructions and the way they What were the instructions? Nothing in the instructions said that you could presume from the fact that he was violating the basic speed law that he had subjective intent Was there anything there that said that? No, what I'm suggesting and I say this in the last part of my brief is that we don't know what goes on in the jury room and we shouldn't know You know, it should be private But I think we can assume that if they're told that speeding is the same thing as doing something that's inherently dangerous to human life that they wouldn't get wrapped up in the question of whether it was subjective or objective knowledge That's the kind of thing that people don't like about our profession There's all these subtle niceties and yet that's what we're required to determine here Now, before I sit down If you want to reserve some time, you should do it now That's a minute But one last thing As I note in my brief the defense asked for this instruction and this appears at page 126 in the excerpts of record Each of the elements of the crime must be proven beyond a reasonable doubt Implied malice of forethought is one of the elements of murder which must be proven beyond a reasonable doubt If you have a reasonable doubt that Sebastian Rodriguez subjectively realized the risk to human life and so on This was refused And what I'm suggesting is that what we have here is a trial that violates the Federal Constitution and so the Court has no alternative but to order a new trial Thank you Thank you very much Mr. Cook Good morning, Your Honors Deputy Attorney General David Cook on behalf of Respondent With regard to opposing counsel's last point the fact that an instruction was not given at trial doesn't bear on whether the instructions that were given were erroneous or whether any error occurred was harmless or not We have to focus on the instructions that were given If I can comment I didn't understand your argument either because you seemed to me in your brief to be responding to the not to the argument that was being made i.e. with regard to this subjective element but rather to be repeating what happened in the California Court of Appeals So you were people passing in the night in terms of what arguments were being made Counsel did the jury have adequate instruction to know that they had to show that he had the subjective knowledge and intent to drive recklessly and endanger human life Did he subjectively Did the jury have anything that would tell them that they had to find that he subjectively thought that The jury was instructed on implied malice one element of which was that the act was deliberately performed with the knowledge of the danger to and with conscious disregard for human life As noted in volumes 1 and 2 of the excerpts of record both the Court of Appeal and the District Court found that Petitioner's awareness of the dangerousness of his act was litigated at trial What was the evidence of his knowledge Well the evidence of the Well I already told you one but what was the evidence that you know because he's claiming that this presumption caused all sorts of problems and so that the jury could have concluded because he was speeding that that would have confused them and just because he was speeding they would have found him guilty of second degree murder right Well he wasn't well as the evidence shows he wasn't quote unquote just speeding he was driving at a very almost twice the the speed limit through city streets and swerved over he was in there was evidence of intoxication the the presumption itself though has no bearing on as your honors had pointed out during opening during argument of opposing counsel that the presumption did not bear on the awareness Judge Callahan asked you what evidence did bear on it How was the case argued How did you How was it argued that he had this subjective knowledge What was the evidence at trial Judge Callahan already told you what the evidence at trial was at least in part and really you just haven't focused at all on what the case was about but at least part of the argument evidence at trial was that he had attended drunk driving classes right and what else was it Your Honor I guess I'm not I would have to say the evidence of his use of drugs but I Well no I mean I could argue this case for you I mean just if you look at the facts that part of it was it's not just that he was going a hundred miles an hour he was weaving in and out people were everyone was flying in different directions all of those things are you know it's one thing if someone were going 35 miles an hour that could be speeding in a 25 mile an hour zone but that's not I don't think most people would be able to if that were the facts here that he were going 35 miles an hour in a 25 mile an hour prima facie zone it would be hard to say that the presumption might not be a problem for finding subjective intent but there were several witnesses that testified to extremely egregious driving conduct in this case along with the fact that he had been previously convicted you know all of those things that's what your evidence was Yes Your Honor I guess I'm not Counsel when do we measure what his subjective knowledge was when he decided I'm going to drink and still drive when he got into the car and set forth or when he was doing these horrendous acts of weaving in and out and finally going over the middle section of the highway I'm I'm sorry Your Honor the question is look this is the problem you have not focused at all on the fact that this case is about the subjective intent element and not about the dangerous life element and that's why you're having all this problem with perfectly reasonable questions about the subjective intent because your brief shows and now your argument shows that you haven't read the opening brief I mean there are problems with the opening brief but it's perfectly clear that he's trying to talk about the subjective element and not the objective danger to life element and you apparently don't realize that and still don't realize that so the question that you're now being asked is at what point does one have to have the subjective intent you believe the evidence showed that he was drunk and or high on some drugs does the element does the subjective intent and I have the same question actually does the subjective intent have to be when he took the drugs i.e. because there are some statements saying that when he took the drugs and drank he knew he was going to be driving the car and that's the problem or it's while he was driving because obviously there might be some question whether somebody who's drunken and had drugs at that point is capable of having a subjective intent so which one is your understanding of when he has to have the subjective intent it's my understanding that he has to have the subjective it is my understanding excuse me that he must have the knowledge of or the conscious disregard for human life at the time of the homicide so therefore at the time of his driving but we have a course of conduct here and your honors I apologize if I'm offending you by what is coming across as a lack of knowledge of the case but it was my understanding that the focus here was on the error if any of the basic speed law as to the second element you're just wrong because then you didn't read the opening brief I apologize your honor but as far as the evidence the facts show the egregiousness of the driving the use of drugs the prior criminal history under those circumstances any error in the giving of the basic speed law would be harmless okay I apologize your honor I'm sorry go back and read it you'll see thank you sir I'll give you one minute your honor there is something that I think I'm ethically required to bring to the courts attention even though it doesn't help my case judge Fletcher asked if the jury was instructed at all over the question of whether there was subjective knowledge and I have to tell the court that at page 104 of the excerpts of record there is an instruction that was given it says an act is done with conscious disregard when the act was deliberately performed by a person who actually knows that there is a high probability that his conduct endangers the life of other persons yeah they gave the correct instruction on malice we appreciate you calling that to our attention but they did give that it's just a question of whether the presumption as to the second element if that flowed over to the third I think well the only thing I would say is that I think it's a question of whether given the instructions that we can look at there is a possibility that the federal constitution was violated I suggest it was thank you your honor thank you very much
judges: Fletcher B. , Berzon, Callahan